# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY HERMANSON,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>BERT HUNTER and UNITED STATES ATTORNEY GENERAL,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 07CV936 WQH (CAB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT |

HAYES, Judge:

Pending before the Court is Defendant United States Attorney General's motion to set aside the Clerk's entry of default. (Doc. # 7).

### PROCEDURAL BACKGROUND

On May 23, 2007, Plaintiff Holly Hermanson filed the Complaint in this matter against Defendants Bert Hunter and the United States Attorney General. (Doc. # 1). Plaintiff seeks to enforce a State court judgment for child support against Defendant Bert Hunter. (Doc. # 1). Hunter is in the protective custody of the United States Attorney General. (Doc. # 1).

On June 6, 2007, the Clerk of the Court issued summonses for the Defendants. (Docs. # 3, 4). On August 3, 2007, Plaintiff filed a proof of service indicating that she served the United States Attorney General by delivering the summons and Complaint to Mary Wiggins, the Civil Process Clerk for the United States Attorney's office in San Diego, California. (Doc. # 4).

On October 1, 2007, Plaintiff filed a request for entry of default with the Clerk of the Court

as to Defendant United States Attorney General. (Doc. # 5). On October 2, 2007, the Clerk of the Court entered default against the United States Attorney General. (Doc. # 6).

On October 11, 2007, Defendant United States Attorney General filed the pending motion to set aside default on the grounds that Plaintiff failed to properly serve Defendant United States Attorney General pursuant to FED. R. CIV. P. 4(i). (Doc. # 7). On October 30, 2007, Plaintiff filed a qualified opposition to the motion to set aside default in which Plaintiff conceded errors in service and noted that she did not oppose Defendant's motion to set aside default. (Doc. # 8).

## DISCUSSION & ORDER

FED. R. CIV. P. 55(c) provides in pertinent part that, "[f]or good cause shown the court may set aside an entry of default . . . ." "The court's discretion is especially broad where, as here, it is entry of default that is being set aside rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on the merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-56 (9th Cir. 1986) (citing *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

It is undisputed that Plaintiff failed to properly complete service upon Defendant United States Attorney General as of the date that Defendant filed the motion to set aside default. (Docs. # 8, 9); *see also* FED. R. CIV. P. 4(i). In addition, both parties agree that the Court should grant Defendant's motion to set aside the Clerk's entry of default because of the errors in service. (Docs. # 8, 9). Accordingly, and after reviewing the briefing in this case, the Court finds that good cause appears for setting aside the Clerk's entry of default. Defendant United States Attorney General's motion to set aside default (Doc. # 7) is GRANTED.

Defendants shall file a responsive pleading to the Complaint on or before **Friday, January 4, 2008**.

**IT IS SO ORDERED**.

DATED: December 19, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge