```
                              FILED
                         2008 JUL 23  AM 8:53
                         CLERK US DISTRICT COURT
                       SOUTHERN DISTRICT OF CALIFORNIA

                         BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| HOLLY HERMANSON,<br><br>               Plaintiff,<br>vs.<br><br>BERT HUNTER, UNITED STATES ATTORNEY GENERAL, and DOES 1-5,<br><br>               Defendants. | CASE NO. 07CV936 WQH (CAB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
|---|---|

HAYES, Judge:

Pending before the Court is Defendant Attorney General's motion to dismiss for lack of subject matter jurisdiction. (Doc. # 18). The Court heard oral argument on this matter on June 30, 2008.

### PROCEDURAL BACKGROUND

On May 23, 2007, Plaintiff Holly Hermanson filed a Complaint against Defendants Bert Hunter and the United States Attorney General. (Doc. # 1). Defendant Hunter is in the federal witness protection program, and Plaintiff filed the Complaint to collect child support owed by Hunter to Plaintiff. (Doc. # 1). On January 4, 2008, Defendant Attorney General filed an answer to the Complaint. (Doc. # 13).

On May 28, 2008, Defendant Attorney General filed the presently pending motion to dismiss. (Doc. # 18). On June 10, 2008, Plaintiff filed an opposition. (Doc. # 21). On June 23, 2008, Defendant filed a reply. (Doc. # 23). On June 30, 2008, the parties appeared before the Honorable William Q. Hayes for oral argument. (Doc. # 25).

## ALLEGATIONS OF THE COMPLAINT & FACTUAL BACKGROUND

Plaintiff Holly Hermanson has a child, Heather, with Defendant Bert Hunter. *Complaint (Compl.)* (Doc. # 1), ¶¶ 2-3. On March 1, 1995, the California State Superior Court in San Diego, California entered judgment in favor of Plaintiff Hermanson and against Defendant Hunter for back and ongoing child support. *Compl.*, ¶ 3 & Ex. A. Defendant Hunter currently owes Plaintiff approximately $60,000 in back child support, however, Plaintiff has been unable to collect that money because Defendant Hunter is currently "in the protective custody of the Attorney General's Office." *Compl.*, ¶¶ 4, 7; *Declaration of Holly Hermanson* (Doc. # 1 at Ex. B), ¶ 1.

On or about February 7, 2007, Plaintiff's counsel, Ben Pavone, attempted to contact the Attorney General's Office in an attempt to discern the proper contact person for Plaintiff's claim against Defendant Hunter for back child support. *Declaration of Benjamin Pavone* (Doc. # 8-2), ¶¶ 1-2. Attorney Pavone first navigated the Attorney General's website to determine the best person to contact, and eventually Pavone located a telephone number for the witness protection program. *Pavone Decl.*, ¶ 3. Attorney Pavone called the number listed on the website for witness protection, and the person who answered directed Pavone to "an attorney named Harvey Smith" with the U.S. Marshal's Service. *Pavone Decl.*, ¶ 3. Thereafter, Pavone contacted Harvey Smith, and Smith (a) informed Pavone that Smith was the proper contact person, and (b) suggested that Pavone submit a claim for child support with supporting paperwork. *Pavone Decl.*, ¶ 3.

On February 9, 2007, Attorney Pavone sent his contact information to Attorney Smith. *Pavone Decl.*, ¶ 5. Thereafter, on March 7, 2007, Pavone submitted two copies of Plaintiff's claim for child support to Attorney Smith. *Pavone Decl.*, ¶ 5 & Ex. A-3. Smith did not immediately respond to Pavone's claims, and on March 12, 2007, Pavone submitted an additional copy of Plaintiff's claim for child support to Smith. *Pavone Decl.*, ¶ 5. On March 14, 2007, Pavone e-mailed Smith, and Smith responded by e-mail stating, "I received the e-mail. I have consulted with Witness Security personnel. You will receive a response." *Pavone Decl.*, ¶ 5 & Ex. A-9. Smith did not thereafter respond or contact Pavone or Plaintiff. *Pavone Decl.*, ¶¶ 5-7.

Pavone attempted to contact Smith on April 18, 2007, and again on May 10, 2007, but Pavone received no response in both instances. *Pavone Decl.*, ¶¶ 6-7. On May 10, 2007, Pavone requested

that Smith "and his office" disclose the "current identity and location" of Defendant Hunter pursuant to 18 U.S.C. § 3523(b)(1). *Pavone Decl.*, ¶ 7 & Ex. A-13; *Compl.*, ¶ 13. Attorney Smith did not respond to Pavone's request of May 10, 2007. *Compl.*, ¶ 20.

## STANDARD OF REVIEW

Unlike state courts, federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2. Federal courts "possess only that power authorized by the Constitution and statute, . . . and it is presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). The party which invokes jurisdiction bears the burden of demonstrating its existence. *Id.*; *see also McCune Motors v. New Century Buildings, LLC*, Case No. 08CV396 LAB (WMc), 2008 U.S. Dist. LEXIS 16850, 2-3 (S.D. Ca. Mar. 5, 2008).

FED. R. CIV. P. 12(b)(1) allows for dismissal of a suit where there is a "lack of jurisdiction over the subject matter" of the suit. A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 33 (9th Cir. 1979). If a defendant attacks jurisdiction as a matter of fact, "no presumptive truthfulness attaches to plaintiff's allegations," and the trial court determines whether there is jurisdiction based on the evidence submitted. *Thornhill Pub. Co.*, 594 F.2d at 733.

As the party bring suit here, Plaintiff bears the burden of demonstrating the basis for subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986).

## DISCUSSION

Defendant Attorney General moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Specifically, Defendant contends that Plaintiff failed to request that the Attorney General disclose the location and identity of Defendant Hunter before filing suit, and therefore failed to satisfy jurisdictional prerequisites to filing suit under 18 U.S.C. § 3523(b)(1). Defendant contends that the request for disclosure made by Plaintiff to Attorney Harvey Smith of the U.S. Marshal's Service did not satisfy Plaintiff's administrative obligations under 18 U.S.C. § 3523(b)(1) because neither Smith nor the U.S. Marshal's Service is the same as the Attorney General.

Plaintiff contends that the case should not be dismissed because she satisfied all jurisdictional prerequisites to filing suit. Plaintiff contends that Attorney Harvey Smith of the U.S. Marshal's Service is the agent of the Attorney General, and that the U.S. Marshal's Service is in charge of the witness protection program. Plaintiff further contends that Attorney Smith represented that he was the contact person for inquiries such as Plaintiff's request to collect child support from a protected person. In light of the close relationship between the U.S. Marshal's Service and the Attorney General, Attorney Smiths' representations, and the statutory scheme which places the U.S. Marshal's Service in charge of the witness protection program, Plaintiff contends that her request to Attorney Smith satisfied Plaintiff's obligations under 18 U.S.C. § 3523(b)(1).

### A. Sovereign Immunity & The Legal Requirements of 18 U.S.C. § 3523

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). This doctrine of sovereign immunity "applies to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). "The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* Any waiver of sovereign immunity must be both "unequivocally expressed," *Hodge*, 107 F.3d at 707, and "strictly construed in favor of the United States." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). A court may not "enlarge that consent to be sued which the Government, through Congress, has undertaken to . . . limit." *Mann v. United States*, 399 F.2d 672, 673 (9th Cir. 1968).

18 U.S.C. § 3523 outlines procedures for filing civil suits and enforcing civil judgments against persons who are in the federal witness protection program. *See also* 18 U.S.C. § 3521 (describing that the federal witness protection program is under the control of the United States Attorney General). 18 U.S.C. § 3523(a) provides that the Attorney General "shall make reasonable efforts to serve a copy of the process upon the person protected," and where a person has a judgment against a protected person, "shall determine whether the [protected] person has made reasonable efforts to comply with the judgment." 18 U.S.C. § 3523(a). Where the Attorney General determines that a protected person "has not made reasonable efforts to comply" with a judgment, the Attorney General,

> may, after considering the danger to the [protected] person and upon the request of the person holding the judgment disclose the identity and location of the [protected] person to the plaintiff entitled to recovery pursuant to the judgment."

18 U.S.C. § 3523(a).

If and when the Attorney General ignores a request for disclosure or refuses to disclose the identity and location of a protected person under 18 U.S.C. § 3523(a), a plaintiff who holds a valid judgment against the protected person may bring an action against the protected person to enforce the judgment. *See* 18 U.S.C. § 3523(b). If a judgment holder elects to bring an action, 18 U.S.C. § 3523(b) requires that (1) the action "be brought within one hundred and twenty days after the petitioner requested the Attorney General to disclose the identity and location of the protected person," and (2) the complaint must "contain statements that the petitioner holds a valid judgment of a Federal or State court against a person provided protection . . . and that the petitioner sought to enforce the judgment by requesting the Attorney General to disclose the identity and location of the protected person." 18 U.S.C. § 3523(b). The Attorney General must appear in an action under 18 U.S.C. § 3523(b)(1). *See* 18 U.S.C. § 3523(b)(2). If the court presiding over a claim under 18 U.S.C. § 3523(b)(1) determines,

> (A) that the petitioner holds a judgment entered by a Federal or State court, and (B) that the Attorney General has declined to disclose to the petitioner the current identity and location of the protected person against whom the judgment was entered, the court shall appoint a guardian to act on behalf of the petitioner to enforce the judgment.

18 U.S.C. § 3523(b)(3). Thereafter, 18 U.S.C. § 3523(b)(3) requires that the Attorney General disclose the identity and location of the protected person to the court-appointed guardian.

It is undisputed that Plaintiff's counsel navigated the United States Department of Justice website in an attempt to determine the appropriate contact person for claims under 18 U.S.C. § 3523, and that an unknown person directed Plaintiff's counsel to Attorney Harvey Smith of the U.S. Marshal's Service. It is further undisputed that Attorney Smith represented that he was the appropriate person to contact regarding Plaintiff's claims, and that Plaintiff's counsel requested that Attorney Smith disclose the location and identity of Defendant Bert Hunter. On those undisputed facts, the issue before the Court is whether Plaintiff's request that Attorney Smith and "his office" disclose the identity and location of Defendant Hunter satisfied Plaintiff's obligation to request that the "Attorney General" disclose the identity and location of Defendant Hunter. Compl., Ex. C; *see* 18 U.S.C. § 3523(b)(1).

The plain language of 18 U.S.C. § 3523(b)(1) creates a cause of action to enforce judgments against persons in witness protection and requires a plaintiff to request that the Attorney General disclose of the identity and location of a protected person before filing suit. 18 U.S.C. § 3523(b)(1); *see Forester v. Chertoff*, 500 F.3d 920, 927-28 (9th Cir. 2007) (where Congress clearly places limitations on filing suit in provision granting jurisdiction, limitation may be said to be jurisdictional). The Attorney General is a necessary party to all actions under 18 U.S.C. § 3523(b)(1), as the statute requires that the Attorney General appear in the action and be subject to an order of disclosure if the Court determines it is required. *See* 18 U.S.C. §§ 3523(b)(2) & (b)(3). After reviewing the statutory scheme, the Court concludes that the mandatory language requiring that a plaintiff request disclosure of the Attorney General prior to bringing suit is a limitation on both a plaintiff's right to bring suit and on the waiver of sovereign immunity otherwise represented in 18 U.S.C. § 3523. The Court concludes that where a plaintiff fails to allege or establish that it has requested that the Attorney General disclose the identity and location of a protected person, a suit pursuant to 18 U.S.C. § 3523 fails as a matter of law.

Plaintiff contends, and the Attorney General does not deny, that Plaintiff diligently attempted to find an appropriate person within the Attorney General's office to contact regarding Plaintiff's claim to enforce a judgment for back child support. It is also undisputed that Attorney Harvey Smith of the U.S. Marshal's Service represented that he was the appropriate contact person. However, after reviewing the statutory scheme and the relevant legal principles respecting waivers of sovereign immunity, the Court concludes that Plaintiff's request that Attorney Smith and "his office" disclose the identity and location of Defendant Hunter did not satisfy the requirement that a plaintiff request disclosure from the "Attorney General." 18 U.S.C. § 3523(b)(1). As noted previously, waivers of sovereign immunity must be both unequivocally expressed, and strictly construed in favor of the United States. *See Hodge*, 107 F.3d at 707; *Jerves*, 966 F.2d at 521. Here, the statute requires that a request for disclosure be made to the "Attorney General." 18 U.S.C. § 3523(b)(1). While it is clear that the U.S. Marshal's Service is intimately involved with the federal witness protection, *see* 28 C.F.R. §0.111b, Plaintiff has not cited a statute or provision which unequivocally expresses a waiver of sovereign immunity where a Plaintiff requests disclosure to an attorney at the U.S. Marshal's

Service. The Court cannot "enlarge that consent to be sued which the Government, through Congress, has undertaken . . . to limit," and therefore the Court concludes that Plaintiff's request to Attorney Smith at the U.S. Marshal's Service did not satisfy the requirements of 18 U.S.C. § 3523(b)(1). *Mann*, 399 F.2d at 673. In addition, the Court notes that jurisdictional requirements are not subject to waiver for reasons of equity. *See Forester*, 500 F.3d at 925 fn. 5, 927 (both prerequisites to filing suit and issues of sovereign immunity can be said to be jurisdictional).[1]

The Court concludes that Plaintiff has not met her burden to establish that she requested that the Attorney General disclose the identity and location of Defendant Hunter. Accordingly, Plaintiff has not satisfied a necessary prerequisite to filing suit under 18 U.S.C. § 3523(b)(1), and this case must be dismissed as a matter of law.

## CONCLUSION

Defendant Attorney General's motion to dismiss (Doc. # 18) is GRANTED. Plaintiff's Complaint is dismissed without prejudice. The Clerk of the Court is Ordered to close this case.

**IT IS SO ORDERED.**

DATED: 7/22/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

---

[1] The parties did not dispute that 18 U.S.C. § 3523(b)(1)'s requirement that a plaintiff request disclosure of the Attorney General before filing suit was jurisdictional. However, even if the Court determined that the request-for-disclosure requirement was not jurisdictional, the Court concludes that Plaintiff has not met its burden to establish equitable waiver.